# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI-DADE DIVISION

**CASE NO:**

PAUL JACKSON,

    Plaintiff,

v.

MIDNIGHT EXPRESS
POWER BOATS, INC.,
a Foreign Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PAUL JACKSON ("Plaintiff"), pursuant to the Families First Coronavirus Response Act - Emergency Paid Sick Leave Act, H.R. 6201, 116th Cong. *§ 5102, et. seq.* (2020), (hereafter "the FFCRA," "EPSLA," or "the Act"), files his Complaint against Defendant, MIDNIGHT EXPRESS POWER BOATS, INC. ("Defendant" or "MIDNIGHT EXPRESS"), and alleges as follows:

## PARTIES

1. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris.*

2. Defendant, MIDNIGHT EXPRESS, is a Foreign for Profit Corporation with its registered principal business address at 351 NE 185th Street, Miami, FL, 33179.

3. At all times material hereto, Defendant, MIDNIGHT EXPRESS, was Plaintiff's employer as that term is defined under the Act.

4. At all times pertinent hereto, Defendant, MIDNIGHT EXPRESS, was Plaintiff's employer covered by the Act, because it was engaged in commerce or in an industry or activity affecting commerce who employed fewer than 500 employees, prior to the time period in which Plaintiff sought leave under the Act.

5. At all times material hereto, Plaintiff was an eligible employee entitled to leave under the Act, based on the fact that he (a) attempted to take paid sick leave for being unable to work due to experiencing symptoms of COVID-19, and (b) was employed by Defendant for at least 30 calendar days prior to seeking to exercise his right to FFCRA leave.

## JURISDICTION AND VENUE

6. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

7. Jurisdiction is proper within the Southern District of Florida pursuant to *28 U.S.C. §§ 1331 and 1337*.

8. Venue is proper within the Southern District of Florida pursuant to *28 U.S.C. § 1391(b)(2)*.

## FACTUAL ALLEGATIONS

9. Plaintiff worked for Defendant as a full-time, hourly employee from approximately January 2019 through May 2020.

10. During his tenure, Plaintiff was considered an exceptional employee and had no significant history of performance, attendance, or disciplinary issues. In fact, not once during his sixteen (16) months of employment had Plaintiff missed a single day of work or left a work shift early.

11. On May 1, 2020, while at work, Plaintiff began experiencing COVID-19 symptoms, including weakness, light-headedness, dizziness, and exhaustion.

12. For his own safety and that of those around him, Plaintiff immediately clocked out, informed a co-worker that he needed to leave work due to experiencing such symptoms, and went home to rest and quarantine himself.

13. That same day on May 1, 2020, Plaintiff submitted written notice to Defendant's Human Resources (HR) Department, informing the company that he was unable to work because he was experiencing COVID-19 symptoms, and requested leave in order to seek treatment and/ or diagnosis for his symptoms.

14. On May 4, 2020, Plaintiff called Defendant's HR department to follow up regarding his written notice requesting leave due to experiencing COVID-19 symptoms.

15. Plaintiff was informed by HR that Defendant had terminated his employment with MIDNIGHT EXPRESS.

16. Despite Plaintiff's immediate and diligent efforts to seek testing, the earliest test Plaintiff could schedule and receive (in fact, did receive) was not until May 12, 2020.

17. Since Plaintiff's phone conversation with Defendant's HR department on May 4, 2020, Defendant has ignored Plaintiff's repeated attempts to contact the company regarding his paid sick leave and employment status.

18. To date, MIDNIGHT EXPRESS has failed to pay Plaintiff for his sick leave.

19. To date, MIDNIGHT EXPRESS has terminated Plaintiff's employment.

20. After receiving express notice of Plaintiff's inability to work due to his experiencing COVID-19 symptoms and need to seek medical diagnosis, Defendant was required under the Act to provide Plaintiff paid sick leave.

21. Plaintiff was entitled to two (2) weeks or eighty (80) hours of paid leave under the Act which, under the circumstances herein, would have been through about May 15, 2020.

22. On March 4, 2020, Defendant discharged, disciplined, and/or otherwise discriminated against Plaintiff because of his request for leave under the Act. Any other reason for Plaintiff's termination is merely pretext for Defendant's unlawful termination of Plaintiff.

23. The temporal proximity of Plaintiff's written request for leave due to experiencing COVID-19 symptoms and his termination creates the presumption that Defendant retaliated against Plaintiff for attempting to exercise his rights under the Act.

24. As a result of this illegal termination, Plaintiff suffered damages including loss of his opportunity to earn employment wages, benefits, and other remuneration to which he was entitled.

25. As a result of the foregoing, Defendant willfully violated the Act, denied Plaintiff his protected paid sick leave rights, and retaliated against him for seeking leave during the COVID-19 global pandemic.

26. Defendants did not have a subjective or objective good faith basis for their actions, and Plaintiff is therefore entitled to liquidated damages.

## **COUNT I – UNPAID SICK LEAVE UNDER THE FFCRA**

27. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 26 above.

28. At all times relevant hereto, Plaintiff was protected by the provisions of the FFCRA and EPSLA.

29. At all times relevant hereto, Plaintiff was entitled to eighty (80) hours of paid sick leave under the Act.

30. Defendant denied Plaintiff protected paid sick leave under the Act.

31. Defendant refused to pay Plaintiff for eighty (80) hours of paid sick time.

32. As a result of Defendant's violation of the Act, it is considered to have failed to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 206.*

33. Plaintiff is entitled to recover federal minimum wages for eighty (80) hours of unpaid sick time, in the amount of $580.00

34. As a result of Defendants' willful violation of the Act, Plaintiff is entitled to an additional amount of $580.00 in liquidated damages.

35. Therefore, as a result of Defendants' willful violation of the Act, Plaintiff is entitled to a total amount of **$1,160.00** for damages in unpaid sick leave.

36. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, PAUL JACKSON, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, MIDNIGHT EXPRESS POWER BOATS, INC., and award Plaintiff the following: (a) unliquidated minimum wage damages in the amount of $580.00 to be paid by Defendant; (b) liquidated damages in the amount of $580.00 to be paid by Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the Act and the FLSA;  and any and all further relief that this Court determines to be just and appropriate under the circumstances.

### COUNT II – UNLAWFUL TERMINATION UNDER THE FFCRA

37. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 26 above.

38. At all times relevant hereto, Plaintiff was protected by the provisions of the FFCRA and EPSLA.

39. Defendant unlawfully discharged Plaintiff based upon Plaintiff's exercise of his rights under the Act by terminating him for attempting to take his protected FFCRA paid sick leave during the COVID-19 global pandemic, and further unlawfully discriminated and/or disciplined Plaintiff by requiring impossible time conditions for COVID-19 testing.

40. At all times relevant hereto, Plaintiff was protected from unlawful discharge, discipline, or any other discriminatory manner taken against him under the Act.

41. As a result of Defendant's violation of the Act, it is considered to be in violation of the retaliation provision of the FLSA, *29 U.S.C. § 215(a)(3).*

42. As a result of Defendant's willful violation of the Act, it is subject to the penalties under the FLSA, *29 U.S.C. § 216(b).*

43. As a direct result of Defendant's willful conduct, Plaintiff has suffered loss of back pay, loss of future pay, loss of reputation in the community, and has been otherwise damaged in an amount to be proven at trial.

44. Therefore, as a result of Defendants' willful violation of the Act, Plaintiff is entitled to recover reinstatement to his prior position, and/or recovery of lost future wages, recovery of his lost back wages to date, and an additional equal amount of lost wages in liquidated damages.

45. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, PAUL JACKSON, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, MIDNIGHT EXPRESS POWER BOATS, INC., and award Plaintiff the following: (a) damages arising from his unlawful

termination under the Families First Coronavirus Response Act to be paid by Defendant; (b) all reasonable attorney's fees and litigation costs permitted under the Act, and any and all further relief that this Court determines to be just and appropriate under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, PAUL JACKSON, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 25th day of May 2020.**    Respectfully Submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**
805 Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Paul Jackson*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jake@jordanrichardspllc.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on May 25, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

### SERVICE LIST: