UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-CV-22160-COOKE/DAMIAN

PAUL JACKSON,

        Plaintiff,

v.

MIDNIGHT EXPRESS POWER
BOATS INC.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant, Midnight Express Power Boats Inc.'s ("Defendant" or "Midnight Express"), Application for Bill of Costs [ECF No. 97] (the "Application") and supporting Memorandum [ECF No. 100]. This matter was referred to the undersigned by the Honorable Marcia G. Cooke, United States District Judge. [ECF No. 20] *See* 28 U.S.C. § 636. The undersigned has reviewed the Application and corresponding invoices, the Memorandum in support thereof [ECF No. 100], the pertinent portions of the record, and relevant legal authorities, and is otherwise fully advised in the premises. For the reasons set forth below, the undersigned recommends that Defendant's Application be **GRANTED IN PART AND DENIED IN PART.**

    I.    BACKGROUND

Plaintiff, Paul Jackson ("Plaintiff" or "Jackson"), filed suit against Defendant on May 25, 2020, alleging violations of the Families First Coronavirus Response Act (the "FFCRA"). [ECF No. 1]. Plaintiff alleged he was entitled to paid sick leave pursuant to the FFCRA and that Defendant unlawfully terminated his employment for attempting to take FFCRA paid

sick leave. *See id* ¶¶ 27-45. The Court entered Final Judgment in favor of Defendant on March 30, 2022. [ECF No. 91].

Twenty-one days later, on April 30, 2022, Defendant filed the Application, pursuant to Federal Rule of Civil Procedure 54(d)(1). In the Application, Defendant sought $2,408.10 in costs, including $1,668.00 for deposition transcripts, $65.10 for printing and copying costs, and $675.00 for mediation costs. However, the Application did not include a supporting legal memorandum as required by Local Rule 7.3(c). Nor did it certify that counsel for Defendant made a reasonable effort to confer with Plaintiff to resolve the issues raised in the Application, as required by Local Rules 7.3 and 7.1(a)(3).

Shortly after being notified of these deficiencies, on May 20, 2022, Defendant filed a Memorandum of Law in Support of its Application, pursuant to Local Rules 7.3(c) and 7.1(a)(3), which included its Bill of Costs and corresponding invoices as exhibits. [ECF No. 100]. In the Memorandum, Defendant's counsel indicates his attempts to confer with Plaintiff did not result in an agreement. Also, in the Memorandum, Defendant now seeks only $1,618.00 in costs, having withdrawn the request for mediation expenses. *Id*. Plaintiff did not file a response to the Application nor the Memorandum, and the time to do so has passed.

**II.     APPLICABLE LEGAL STANDARDS**

Federal Rule of Civil Procedure 54(d)(1) provides that prevailing parties are entitled to payment of litigation costs other than attorney's fees. Fed. R. Civ. P. 54(d)(1). There is a "strong presumption" in favor of awarding taxable costs to the prevailing party. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). A district court may tax as costs the following:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

### a. Deposition Transcripts Costs

The costs for deposition transcripts are taxable under 28 U.S.C. § 1920(2) as long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). Not all deposition costs are recoverable; miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("§ 1920 does not authorize recovery of costs for shipment of depositions"); *Garden-Aire Vill. S. Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013). The cost of the court reporter attendance fees, however, is recoverable. *Harrell v. City of Opa-*

3

*Locka*, No. 20-CV-21927, 2022 WL 1609090, at *5 (S.D. Fla. May 3, 2022), *report and recommendation adopted*, No. 20-21927-CIV, 2022 WL 1605333 (S.D. Fla. May 20, 2022)

### b. *Copying and Printing Costs*

A prevailing party may recover fees for the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920(4). The moving party "must present evidence regarding the documents copied including their use or intended use." *Witbart v. Mandara Spa (Hawaii), LLC*, No. 18-CV-21768, 2022 WL 1241439, at *7 (S.D. Fla. Apr. 12, 2022) (internal citations omitted), *report and recommendation adopted sub nom. Witbar v. Mandara Spa (Hawaii), LLC*, No. 1:18-CV-21768, 2022 WL 1239232 (S.D. Fla. Apr. 27, 2022). This evidence should include "information regarding the purpose of copies charged so the court will be able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue." *Monelus v. Tocodrian, Inc.,* 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009). However, "costs for copies made merely for counsel's convenience" are not recoverable. *Id*. "As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *2 (S.D. Fla. May 23, 2008).

### III. DISCUSSION

Defendant, as the prevailing party, can recuperate costs associated with the litigation. In Defendant's Memorandum in Support of the Bill of Costs, Defendant seeks costs in the amount of $1,618.10, including $1,553.00 for deposition transcripts and $65.10 for printing fees.

### a. Deposition Transcripts Costs

Here, Defendant requests $1,553.00 in fees incurred for the deposition of Paul Jackson. [ECF No. 100] at 3. To support these fees, Defendant asserts that it used or relied on Jackson's deposition transcript in its defense of this action. *Id*. Defendant submitted an invoice indicating the costs for Jackson's deposition as $1,553.00 The costs reflected in the invoice include the fee for an original and certified copy of Paul Jackson's deposition transcript, as well as the court reporter's attendance fee, a litigation support package fee, and a processing/archival/delivery fee. [ECF No. 100-1] While court reporter attendance fees are recoverable, miscellaneous costs such as the litigation support package fee and the processing/archival/delivery fee are not. *See Garden-Aire Vill. S. Condo. Ass'n, Inc.*, No. 10-61985-CIV, 2013 WL 12086655, at *2. Therefore, the undersigned finds that the litigation support package fee ($55.00) and the processing/archival/delivery fee ($25.00) are not recoverable. The undersigned finds that the remaining $1,473.00 in requested deposition transcript and court reporter attendance costs are taxable and, because the necessity of these incurred costs is not opposed,[1] the undersigned recommends awarding Defendant $1,473.00 in "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

---

[1] "Because the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

### b. *Copying and Printing Costs*

Defendant also requests $65.10 for fees incurred in printing copies necessary for use in this action. [ECF No. 97]. In support of this request, Defendant indicates that the amount requested is for approximately six hundred and fifty-one printed pages. [ECF No. 100] at 3-4. However, Defendant does not provide any invoices to support its request. Nor does Defendant describe the purpose of the copies or their use in this action. Defendant "cannot simply make unsubstantiated claims that copies of the documents were necessary" and "must present evidence regarding the documents copied including their use." *George*, No. 07-80019-CIV, 2008 WL 2571348, at *2. Defendant has provided no evidence regarding the documents or their purpose or the use of the copies, and thus the undersigned cannot find that these costs are taxable or were necessarily obtained for use in this litigation. Accordingly, the undersigned recommends denying Defendant's request for $65.10 in printing fees.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant's Bill of Costs [ECF Nos. 97, 100] be **GRANTED IN PART AND DENIED IN PART**, and that Defendant be awarded a total of **$1,473.00**.

The Parties will have **fourteen (14) calendar days** from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections timely shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary

in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 2nd day of June, 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE