UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-22160-WILLIAMS/DAMIAN

PAUL JACKSON,

    Plaintiff,

v.

MIDNIGHT EXPRESS POWER
BOATS INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION FOLLOWING HEARING
AND AMENDING PRIOR REPORT AND RECOMMENDATION [ECF NO. 118]**

THIS CAUSE came before the undersigned for a Zoom Status Conference on February 21, 2023, at which Plaintiff, Paul Jackson, appeared pro se and Defendant appeared through counsel, to address remaining issues regarding Plaintiff's Motion for Stay of the Final Judgment and Motion to Dissolve Writ of Garnishment [ECF No. 111 (the "Motion")]. Because the matters addressed at the hearing affect the undersigned's previously issued Report and Recommendation, the instant Report and Recommendation is intended to amend and otherwise replace the prior Report [ECF No. 118].

THE COURT has considered the record and heard from the parties and is otherwise fully advised in the premises.

On September 27, 2022, Plaintiff filed a Motion for Stay of the Final Judgment and Motion to Dissolve Writ of Garnishment requesting a stay of the final judgment of costs in this case pending his appeal of the underlying judgment on the merits before the Eleventh Circuit Court of Appeals. [ECF No. 111]. In the Motion, Plaintiff also indicated a claim of

exemption concerning funds subject to garnishment and requested a hearing regarding the claimed exemption. *Id*. This matter was referred to the undersigned by the Honorable Kathleen M. Williams, United States District Judge. [ECF Nos. 113 and 120].

The undersigned held a hearing on January 18, 2023, on Plaintiff's Motion. Shortly thereafter, the undersigned entered a Report and Recommendation recommending that the Motion to Stay and the Motion to Dissolve the Writ of Garnishment be denied. [ECF No. 118]. While the Report and Recommendation was pending, the Eleventh Circuit issued its Opinion on February 3, 2023, affirming the District Court's summary judgment order. *See Jackson v Midnight Express Power Boats, Inc.*, Case No. 22-11012 (11th Cir. Feb. 3, 2023). Therefore, as the parties agreed on the record before the undersigned at the February 21, 2023 hearing, the Motion to Stay is now moot.

Moreover, during the February 21, 2023 hearing, the parties resolved the outstanding issues regarding the pending Writ of Garnishment. As stated on the record, Plaintiff, pursuant to the Writ of Garnishment agreed to the payment of $1,492.30 from his Bank of America account to Defendant, which includes the outstanding judgment amount and interest, as well as the payment of an additional $125 from the account to Bank of America for its fees. The parties also agreed that upon the foregoing payments, Bank of America shall lift the freeze on any other funds in Plaintiff's account based on the Writ of Garnishment in the instant case. Therefore, the remaining matters in Plaintiff's Motion regarding the Writ of Garnishment are also moot.

Finally, although it was not before the Court, the undersigned discussed Plaintiff's pending *Motion for a Ten Day Order to Amend*, filed February 14, 2023. [ECF No. 121]. Plaintiff agreed to confer with counsel for Defendant in compliance with Southern District of Florida

Local Rule 7.1 and to amend or refile his Motion to clarify the relief requested by February 24, 2023.

## RECOMMENDATION

Accordingly, based on the foregoing, the undersigned respectfully recommends that Plaintiff's *Motion for Stay of the Final Judgment Of $1,473 As The Case Is Pending For Final Resolution In The 11th Circuit Court / Alternatively Plaintiff's Request A Hearing On Documents Submitted For Garnishment Of Plaintiff's Savings Account* [ECF No. 111] be **DENIED AS MOOT**.

The undersigned further recommends that the Court order Bank of America to pay to Defendant $1,492.30 pursuant to the Writ of Garnishment entered September 20, 2022 [ECF No. 109]] and, following the collection of Bank of America's own fee of $125, to dissolve the writ and unfreeze any remaining funds in the account.

The Parties will have **three (3) calendar days**[1] from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Kathleen M. Williams, United States District Court Judge. Failure to file objections timely shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if

---

[1] Pursuant to Rule 4(b) of the Magistrate Judge Rules, Local Rules of the Southern District of Florida, any party may object to a Magistrate Judge's recommendations or report within fourteen (14) days of being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge. S.D. Fla. L.R. (Magistrate Judge Rule 4(b)). In this case, the parties shall submit their objections and responses thereto within three (3) days because the parties agreed at the hearing to the relief recommended in this Report.

necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 7th day of March, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc:  Counsel of Record
     Paul Jackson; Jackson_paul123@comcast.net